**PACIFIC EMPLOYERS INSURANCE COMPANY, a corporation,**
Plaintiff,

v.

**A. J. PEDDY & SONS, Inc., a corporation, Mazie Peddy Mackay and Margaret C. Peddy, co-partners, doing business as Mulberry Lumber Company, A. J. Peddy, Jr., and J. J. Griffin, Defendants.**

Civ. No. 2624.

United States District Court
S. D. Florida, Tampa Division.
April 20, 1956.

During the spring of 1951, Howard H. Allsopp, an independent insurance broker doing business as Allsopp Insurance Agency in Lakeland, Florida, solicited the insurance business of defendants A. J. Peddy & Sons, Inc. and Mulberry Lumber Company, respectively a corporation and partnership, both located at Mulberry, Florida. Allsopp and A. J. Peddy, Jr., the latter acting for both the corporation and the partnership, agreed that Allsopp should procure a comprehensive fleet policy covering the motor vehicles of both businesses. Accordingly Allsopp contacted several insurance agencies, including Oliver Joe Bailey Company, the general agent of plaintiff, and after some negotiations between Oliver Joe Bailey Company and his principal, plaintiff here, a rate was obtained. This rate was quoted to Allsopp by Oliver Joe Bailey Company, the policy ordered, and in due course the policy was forwarded by plaintiff to Oliver Joe Bailey Company and forwarded by the latter to Allsopp.

Immediately upon receipt of the policy on May 15, 1951, Allsopp proceeded to Mulberry where he discussed the policy with A. J. Peddy, Jr., in the presence of H. H. Stewart, an employee of the Peddy enterprises. During the course of this conversation A. J. Peddy, Jr. informed Allsopp that he had purchased a jeep for his son and inquired whether or not the jeep was covered; Allsopp stated that it was. The insurance policy as written specifically excluded coverage for vehicles owned by executive officers of the named insured or members of their families, but Allsopp did not inform Peddy of this provision. The policy was in the possession of A. J. Peddy, Jr., for a short period and was thereafter misplaced.

Shortly after this conference Allsopp notified Oliver Joe Bailey Company by letter as follows:

"I reviewed the policy with the assured this morning and learned that there were a few changes which should be made.

"Item 3 should show 1950 4 dr Dodge Sedan Engine No. D–30–232012–S No. 31402716.

Carver & Langston, Lakeland, Fla., Trinkle & Moody, Plant City, Fla., for plaintiff.

T. Paine Kelly (of Macfarlane, Ferguson, Allison & Kelly), Tampa, Fla., for defendants.

WHITEHURST, District Judge.

This proceeding was instituted by Pacific Employers Insurance Company, a California corporation, seeking a Declaratory Judgment determining the rights of the parties to a contract of insurance issued by plaintiff covering the fleet of motor vehicles owned and operated by certain of the defendants, namely A. J. Peddy & Sons, Inc., the Mulberry Lumber Company, and Mrs. Mazie MacKay. Defendant A. J. Peddy, Jr., filed a cross-complaint seeking reformation of this policy specifically to include a certain jeep purchased by him for his minor son. This jeep had been involved in a collision and in the ensuing lawsuit, which plaintiff declined to defend, A. J. Peddy, Jr. had been adjudged liable. (Case No. 11723–U–261 Circuit Court, Polk County, Florida.) The facts surrounding the issuance of this policy are as follows:

"Item 4 should show 1948 Pontiac Coupe Engine No. A6Pa 2482-S No. same as engine No.

"Item 5 is owned by Mrs. Mazie McKay who is a partner in the Mulberry Lbr. Co. Endorsement should be issued making her an assured and charging additional premium I presume. Class 2 rate to apply.

"Item 17 should be added to include 1948 Willys Jeep Engine No. J 213491 and Serial No. CJ 2A 206774.

"In view of the fact that this is a Comprehensive form that the only change necessary is item 5 above as the other items do not affect premium except item 17 which could be picked up at audit. However issue endorsement on all items if you feel necessary.

"I have advised the assured that I believe the company will go along without the $50.00 deductible so please advise me soon as possible that this is so."

Allsopp collected the premium due on the policy and forwarded it, less his commission, to Oliver Joe Bailey Company.

An endorsement duly issued adding the name of Mrs. Mazie MacKay as a named insured (thereby providing coverage for the motor vehicle individually owned by her) and a higher premium was assessed and paid for this increased coverage. However, no endorsement ever issued covering item 17, the jeep purchased by A. J. Peddy, Jr. for his son, nor including either of them among the named insureds, and no additional premium was charged or paid therefor. Oliver Joe Bailey Company, general agent of the plaintiff, never had knowledge that the jeep was individually owned by other than a named insured.

The essential question presented in this case is whether Allsopp, an insurance broker, had real or apparent authority to bind the plaintiff to coverage of the individually owned jeep by his representation to the individual, Mr. A. J. Peddy, Jr., that the vehicle was covered.

 Allsopp was not an agent with general authority under Section 625.01, Florida Statutes, F.S.A. whereby he could waive a provision of the policy which excluded from coverage vehicles individually owned by members of the insured. Mutual Life Ins. Co. of New York v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202. Nor did Allsopp have apparent general authority to bind the plaintiff.

 He was not a general agent by estoppel. Plaintiff did not clothe him with indicia of general authority as its agent. He was a broker and, as such, without real or apparent authority to change or waive a specific term of the policy. His attempt to do so was never ratified. He could not extend coverage beyond the terms of the policy. In fact, the insurance company had no knowledge that he had undertaken to do so. Plaintiff was not bound by his representations in that respect. Centennial Ins. Co. v. Parnell, Fla., 83 So.2d 688.

The Judgment entered herein should provide that plaintiff is under no contractual obligation by virtue of the policy or otherwise to provide coverage for the individually owned jeep of A. J. Peddy, Jr. or his son, that plaintiff was not bound to respond when called upon to defend the action in the Circuit Court of Polk County, Florida, and that plaintiff is not liable to any extent on account of the Judgment entered therein. Counsel will prepare and submit formal Judgment.